IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERNEST HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.2:16-cv-63-MHT-TFM |
| | ) | |
| LESS HAYES, *et. al,* | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed in this Court on February 1, 2016 against multiple Defendants. (Doc. 1). This action is pending before the Court on the Motions to Dismiss filed by all the defendants. On February 13, 2017, the Alabama Department of Revenue filed a Motion to Dismiss (Doc. 29) and Defendants Less Hayes, James Tolbert and City of Montgomery also filed a Motion to Dismiss (Doc. 31). Plaintiff filed responses to these Motions on March 13, 2017. (Docs. 41 and 42). On February 15, 2017, Defendant Walker-Workforce filed a Motion to Dismiss (Doc. 38) and on February 24, 2017 the Saraland Municipal Court Defendants filed a Motion to Dismiss and a Motion to Quash. (Doc. 39). Thereafter, on April 10, 2017, Less Hayes, James Tolbert and City of Montgomery filed a Second Motion to Dismiss. (Doc. 46).

On March 6, 2017, this Court entered an Order requiring Plaintiff to show cause

why the Motion to Dismiss and Motion to Quash (Doc. 39) should not be granted. (Doc. 40). This Order was sent by certified mail return receipt to the Plaintiff's Columbus, Georgia address provided when he filed the Complaint in this action. (Doc. 1). On April 18, 2017, the Order was returned with the following notation "Return to Sender, Unclaimed, Refused." Thereafter, this Order was sent by regular mail to the Plaintiff's Baltimore, Maryland address provided with his response to previous Motions to Dismiss. (Docs. 41, 42). On May 8, 2017, this Order was again returned with the following notation "Return to Sender, Attempted, Not Known, Unable to Forward."

On April 17, 2017, this Court entered an Order requiring Plaintiff to show cause on or before May 8, 2017 why defendants Motions to Dismiss (Docs. 38, 39, and 46) should not be granted. (Doc. 47). This Order has not been returned to the Court; Plaintiff, however, has failed to file a response to this Order. On May 17, 2017, the Court sent another Order advising Plaintiff that "the administration of this case cannot proceed if the plaintiff's whereabouts are unknown to the Court" and ordering Plaintiff to provide the court with his current address and to show cause for his failure to respond to this Court's April 17, 2017 Order (Doc. 47) and to file a response to the Motions to Dismiss. (Docs. 38, 39, and 46). (Doc. 48). This Order, which was sent to Plaintiff's Maryland address, was returned on May 22, 2017 with the following notation, "Box Closed, Return to Sender, Unable to Forward."

On May 25, 2017, the Court again issued an Order notifying Plaintiff it would "make one final effort to contact Plaintiff" and again advised Plaintiff "of his obligations to the Court, if he wishes to continue the prosecution of this matter." Specifically, the Court ordered Plaintiff, by June 5, 2017, to provide the court with his current address and to show cause for his failure to respond to the Court's April 17, 2017 Order (Doc. 47) and also to file responses to the Motions to Dismiss (Docs. 38, 39, and 46) to which Plaintiff had not responded. The Court directed the Clerk of the Court "to mail a copy of this Order to Plaintiff both by regular and certified mail" to Plaintiff at his P.O. Box and 2nd Avenue address in Columbus, Georgia "and to any other address of record, which has not been previously attempted." In this Order, the Court also advised the Plaintiff as follows:

> **The plaintiff is specifically cautioned that if he fails to file a response as required by this order, the court will treat his failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute his action and the undersigned will recommended that this case be dismissed for such failure.**

(Doc. 49). Plaintiff again has failed to respond to the Order of this Court and again this Order has been returned to the Court from the multiple addresses to which it was sent marked "Return to Sender, Attempted Not Known, Unable to Forward."

A sua sponte dismissal for failure to prosecute has long been recognized as within the power of the Court. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630-631 (1962) (Affirming lower court's dismissal of action where attorney failed to appear for pre-trial

conference and the district court duly considered this failure "in light of 'the history of this litigation.'"). Indeed, the *Link* Court held that

> "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate in this case. After such review, it is clear that dismissal of this case is the proper course of action.

Indeed, the Court has attempted service of numerous orders at all of the addresses provided by Plaintiff by both regular and certified mail. The Plaintiff has failed to comply with the four orders of this Court requiring a response. (Docs. 40, 47, 48, 49). Further, the last order contained express language warning Plaintiff of dismissal for his noncompliance. (Doc. 49). Thus, the Court concludes that dismissal is proper in this action, especially considering the cautionary language contained in the last Order. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of

4

consequences for failure to comply.) Accordingly, the Court concludes that this action is due to be dismissed without prejudice.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. The Clerk of the Court is DIRECTED to serve this Recommendation by certified mail and by USPS to all Plaintiff's addresses of record to which the May 25, 2017 Order was served. It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **June 29, 2017.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent

all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th day of June, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE